## State *vs.* William Fitzsimmons.

1. Larceny—Definition.

Larceny is the felonious taking and carrying away of the property or goods of another without the consent of the owner, and with intention on part of taker to convert them to his own use.

2. Larceny—"Larceny by Trick."

"Larceny by trick" is the felonious or wrongful taking, by means of securing possession thereof, by deception practiced on owner.

3. Larceny—Larceny by Trick—Switching Diamonds.

Where defendant offered three unset diamonds for sale, took prospective customer to jeweler who tested and found diamonds to be genuine, refused to sell at purchaser's price, and after having left purchaser substituted glass

stones for the diamonds, and returned and sold stones as though they were the ones previously tested, he was guilty of larceny by trick.

(*September* 27, 1918.)

HEISEL, J., sitting.

*David J. Reinhardt*, Attorney-General, and *P. Warren Green*, Deputy Attorney-General, for the State.

*James Saulsbury* for the accused.

Court of General Sessions, New Castle County, September Term, 1918.

INDICTMENT No. 128, September Term, 1918.

William Fitzsimmons was indicted for larceny by trick. The defense was an alibi. Verdict guilty.

The proof was that the method employed by the accused was what is known as "switching" diamonds. The accused and another met H. on Market street in Wilmington on the morning of the thirteenth and showed him three unset diamonds which they wished to dispose of. H. took the diamonds into a jewelry store, where he had them tested and found that the diamonds were stones of the first water. He thereupon offered to the accused two hundred and fifty dollars for the three diamonds which was refused by the latter; he remarking that if they were unsuccessful in selling the stones at the price desired they might see H. later. Later in the day H. went to his home and found the accused and his companion waiting for him at a nearby grocery store. The accused after some conversation with H. agreed to accept the offer as made by H. earlier in the day. Thereupon they accompanied him to his home, where he secured the money and after examining the stones and satisfying himself that they were genuine he laid them down and proceeded to pay the accused for the same. After the accused and his companion had left H. became suspicious about the three stones and upon taking them to a jeweler's for examination found that they were glass. H. claimed that during the process of paying for the stones at his house the accused had switched or removed the three diamonds which he purchased and had substituted glass for the same. It was also shown that after the arrest of the accused, the two

hundred and fifty dollars as restitution money was returned to H. through his counsel, who received the same through counsel for the accused.

HEISEL, J., charging the jury:

In this case the accused, William Fitzsimmons, is charged with the larceny of certain paper money of the aggregate value of two hundred and fifty dollars from one William E. Hance.

[1, 2]   Larceny is the felonious taking and carrying away of the property or goods of another without the consent of the owner and with the intention on the part of the taker to convert them to his own use.   There is a species of larceny that is known as larceny by trick; that is, where the felonious or wrongful taking is brought about by reason of some deception upon the part of the taker practiced upon the owner of the goods, whereby he gets the possession of the goods.   The law says that if a man gets property from another in that way for the purpose of converting it to his own use he is guilty of larceny.

In this case the state charges that the defendant took three diamonds after they had been selected and purchased from him by the prosecuting witness, and substituted in place of them three worthless pieces of glass, and in that manner got possession of two hundred and fifty dollars, the property of the prosecuting witness.

[3]   The defendant denies that he had anything to do with the transaction, and claims he was not in Wilmington at the time.   The only disputed point in this case is whether or not the accused is the man who substituted the pieces of glass for the diamonds.   You have heard all of the evidence, if you are satisfied beyond a reasonable doubt that the accused is the man who committed the offense charged in the indictment and you also believe the other facts testified to by witnesses for the state, you should find this defendant guilty; otherwise, you should find him not guilty.

Verdict guilty.